# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLUMBERS' LOCAL UNION NO. 690 HEALTH PLAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 16-665 |
| v. | : | |
| | : | |
| APOTEX CORP., et al., | : | |
| Defendants. | : | |

May _23_, 2017                                              Anita B. Brody, J.

## MEMORANDUM

## I. INTRODUCTION

Defendants Qualitest, Boca Pharmacal, Strativa Pharmaceuticals, Endo Pharmaceuticals, Inc. (collectively, "Qualitest Defendants"), Dr. Reddy's Laboratories Ltd. ("DRL Limited"), and Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") move to dismiss the Amended Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).[1]  For the reasons set forth below, Plaintiff Plumbers' Local Union No. 690 Health Plan ("Plumbers") has not properly served Defendants.  I will deny Defendants' motions to dismiss without prejudice, however, and order Plumbers to effectuate service on Defendants within the next thirty days.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process.  Once a challenge has been made under Rule 12(b)(5) to the

---

[1] DRL Limited and Teva Ltd. also move to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  I reserve decision on the portion of their motions seeking to dismiss for lack of personal jurisdiction.  Accordingly, I do not address arguments pertaining to dismissal pursuant to Rule 12(b)(2).

1

sufficiency of service, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc*., 988 F.2d 476, 488 (3d Cir. 1993).

A Plaintiff who elects to effect service within a judicial district of the United States upon a domestic or foreign corporation must do so: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that service of process may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Relevant Pennsylvania state law provides:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. Thus, service of process may be made within a judicial district of the United States upon a corporation either pursuant to relevant state law or by delivery upon an authorized agent.

Alternatively, a corporation "may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . ." Fed. R. Civ. P. 4(f); *see* Fed. R. Civ. P. 4(h)(2)

(enabling service of a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)").

"Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service." *Grand*, 988 F.2d at 492. A plaintiff must properly serve a defendant within 90 days after the filing of a complaint; however, this 90-day time limit does not apply to service of process in a foreign country:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Whether to extend the time for service is a two-part inquiry. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). If good cause exists for a plaintiff's failure to effectuate timely service, then an extension is mandatory. *Id.* If good cause does not exist, then a district court must consider whether to grant a discretionary extension of time. *Id.*

The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citation omitted). When a court determines whether good cause exists, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Neither "reliance upon a third party or on a process server," "half-hearted" attempts by counsel to effectuate service, nor "inadvertence of counsel" constitutes good cause for failure to timely serve. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995). A "plaintiff's disregard for what she consider[s] the 'technical niceties' of service of

3

process . . . does not constitute good cause." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996).

Even if good cause does not exist for a plaintiff's failure to effectuate timely service, a district court may grant a discretionary extension of time for service. "Factors for the Court to consider when deciding whether to grant a discretionary extension of time include (1) actual notice of the action; (2) prejudice to the defendant; (3) statute of limitations; (4) conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other relevant factor." *Metro. Life Ins. Co. v. Kalenvitch*, No. 10-2108, 2011 WL 2941297, at * 2 n.1 (M.D. Pa. July 20, 2011); *accord Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009); *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527-28 (M.D. Pa. 2010).

**A. Teva Ltd.**

Teva Ltd. contends that it has not been served with a copy of a summons or a complaint in this action. Plumbers contends that Joseph Wolfson, Teva Ltd.'s counsel agreed to accept service on behalf of Teva Ltd. In January 2016, Plaintiff attempted to serve Teva Ltd. at 1090 Horsham Road, North Wales, PA 19454, but service was refused. An Affidavit of Non-Service was returned to Plumbers' counsel noting that Teva, Ltd. is located in Israel. Ex. A., ECF No. 251. On March 28, 2016, Joseph Wolfson entered his appearance on behalf of Teva, Ltd. ECF No. 42. On April 6, 2016, Plumbers sent a letter to Wolfson requesting that he accept service of process on behalf of several listed entities, but Teva Ltd. was not included on the list. Ex. A ¶¶ 2-3, ECF No. 273. On April 15, 2016, Wolfson confirmed acceptance of service on behalf of all but two of the listed entities. Ex. A ¶¶ 4-5, ECF No. 273. Wolfson never accepted service on behalf of Teva Ltd. Ex. A ¶ 6, ECF No. 273.

There is no evidence that Plumbers ever served Teva Ltd. Although Plumbers' counsel

4

may have accidentally omitted Teva Ltd. from the list of entities for which it requested Wolfson to accept service of process, counsel's inadvertence does not constitute good cause for failure to timely serve. *See Petrucelli*, 46 F.3d at 1307.

Despite Plumbers' failure to establish good cause, a discretionary extension of time to serve is appropriate considering the circumstances of this case.[2] On March 8, 2016, Teva Ltd.'s counsel entered his appearance on behalf of Teva Ltd. Thus, Teva Ltd. had actual notice of the pending legal action. Additionally, there is no evidence that Teva Ltd. will suffer any prejudice if Plumbers receives an extension of time to effectuate service. Given the number of Defendants involved in this action, a dismissal without prejudice for insufficient service would only serve to complicate this matter if Plaintiff sought to re-file its complaint against Teva Ltd. The interests of judicial economy weigh in favor of granting an extension of time to effectuate service. Accordingly, Plumbers will be afforded additional time to effectuate service on Teva Ltd.

**B. DRL Limited**

DRL Limited contends that it has not been served because Plumbers is required to serve DRL Limited in India pursuant to the Hague Convention. Plumbers claims that is served DRL Limited's counsel. DRL Limited is an Indian company with its principal place of business in India. Decl. Mukherjee ¶ 4, ECF No. 227. On January 11, 2016, Plumbers attempted to serve DRL Limited at the principal place of business of DRL Inc. via certified mail. Decl. Mukherjee ¶ 17, ECF No. 227; Ex. C, ECF No. 251. DRL Inc. is an indirect subsidiary of DRL Limited and a separate legal entity. Decl. Mukherjee ¶¶ 17, 18, ECF No. 227. DRL Inc. is not authorized to accept service of process on behalf of DRL Limited. Decl. Mukherjee ¶ 17 n.1, ECF No. 227.

---

[2] If service of process on Teva Ltd. must occur in Israel, then Plumbers may not require an extension of time to serve Teva Ltd. because the 90-day time limit for service of process does not apply to service occurring in a foreign country. *See* Fed. R. Civ. P. 4(m).

5

The record refutes Plumbers' contention that it served DRL Limited's counsel when it attempted to served DRL Limited at DRL Inc.'s principal place of business in New Jersey.

Alternatively, Plumbers contends that DRL Limited waived its right to proper service of process because it did not object or raise any concerns about service prior to the filing of its motion to dismiss, even though it participated in aspects of the litigation. Specifically, DRL Limited points out that on January 26, 2016, counsel for DRL Limited contacted Plumbers and requested a thirty-day extension to respond to the Complaint and Plumbers' counsel agreed to the extension. Ex. D, ECF No. 251. Plumbers appears to argue that when DRL requested an extension of time to respond to the Complaint without raising an objection to service of process, it waived the right to do so in a motion to dismiss. The record belies this contention. DRL Limited's counsel specifically sought clarification that the extension of time to respond "mean[t] to include a potential motion in response to the complaint." Ex. A, ECF No. 270. Additionally, Plumbers confirmed that DRL Limited was not waiving any rights: "We are not suggesting you are giving up any right to respond in any way you choose, by the extended deadline." Ex. A, ECF No. 270.

Plumbers also argues that DRL Limited waived its service of process defenses by its counsel entering entries of appearance on its behalf, participating in the drafting of the Revised Report of Rule 26(f) Meeting, and participating in a settlement conference call with Magistrate Judge David R. Strawbridge. The Revised Report of Rule 26(f), however, clearly stated: "Several Defendants contend that they have not been properly served, that the improper entity has been served, that the Court lacks personal jurisdiction over them, and/or that the entity served or named in the Amended Complaint is otherwise not a proper defendant." ECF No. 166, at 2. Moreover, DRL Limited only participated in a ten minute initial telephone conference

regarding settlement. ECF No. 174. DRL Limited's initial participation in the litigation did not constitute a waiver of service of process. *See Ayres*, 99 F.3d at 568 ("The [district] court properly rejected the plaintiff's argument that the defendants have waived their defenses by engaging in discovery and attending scheduling conferences."); *Grand*, 988 F.2d at 492 ("[A]n appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service.").

The record establishes that Plumbers did not properly serve DRL Limited. Because DRL Limited may only be properly served in India, however, the 90-day time limit for service of process does not apply. *See* Fed. R. Civ. P. 4(m).[3] Accordingly, Plumbers will be afforded additional time to effectuate service on DRL Limited.

**C. Qualitest Defendants**

Qualitest Defendants contend that they have not been properly served. On April 6, 2016, Plumbers forwarded waivers of the service of summons for Qualitest Defendants, Par Pharmaceutical, Inc. ("Par"), and Generics International, Inc. ("Generics") to Stephen D. Brody, their counsel. On April 28, 2016, Brody sent an email to Plumbers' counsel that he had "confirmed that the entire generics business is captured within Generics International (US), Inc. and Par Pharmaceuticals, Inc.," and that he would execute waivers of service for those two entities. Ex. A, ECF No. 242. On May 2, 2016, Brody executed and returned waivers only for Par and Generics. ECF Nos. 83, 84. On May 13, 2016, Plumbers served summonses and complaints on Brody as counsel for Qualitest Defendants. On July 26, 2016, Plumbers asserted

---

[3] Even if the 90-day time limit applied to serve DRL Limited, I would grant Plumbers a discretionary extension of time to effectuate service. DRL Limited had actual notice of the pending legal action. Additionally, there is no evidence that DRL Limited will suffer any prejudice from an extension of time to effectuate service. Given the number of Defendants involved in this action, a dismissal without prejudice for insufficient service would only serve to complicate this matter if Plaintiff sought to re-file its complaint against DRL Limited. The interests of judicial economy weigh in favor of granting an extension of time to effectuate service.

that it had served Qualitest Defendants by sending the summonses and complaints via certified mail to Brody. ECF No. 134. On August 4, 2016, Brody emailed Plumbers' counsel to reiterate that he was not authorized to accept service for Qualitest Defendants. Ex. B, ECF No. 242.

Plumbers contends that it has satisfied the service requirement because it mailed the summonses and complaints to Brody based on its good faith reliance on Brody's apparent authority to accept service on behalf of Qualitest Defendants. "The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) (citations omitted). Accordingly, "'[t]he defendant's attorney is not deemed an agent appointed to receive service absent a factual basis for believing such an appointment by the defendant has occurred.'" *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 162-63 (M.D. Pa. 2008) (citation omitted); *accord Mandale v. Des Moines Tria Tower, LLC*, No. 08-4888, 2009 WL 2412596, at *3 (E.D. Pa. Aug. 5, 2009).

There is no factual basis to support Plumbers' belief that Brody was an agent appointed by Qualitest Defendants to receive service. Brody only waived service as to Par and Generics; if anything, this was an indication that he was not authorized to accept service for Qualitest Defendants. The mere relationship between Brody and Qualitest Defendants is insufficient to support Plumbers' assertion that it served the summonses and complaints on Brody based on a good faith reliance on his apparent authority to accept service.

Alternatively, Plumbers argues that service may be proper because "serving a successor corporation is a fair and reasonable means of providing service of process on a dissolved corporation." ECF No. 251, at 5. Plumbers, however, provides no evidentiary support for its

8

contention that Par or Generics is the successor corporation to Qualitest Defendants.

Plumbers did not properly serve Qualitest Defendants. Because Plumbers could not in good faith rely on Brody's apparent authority to accept service, it has not established good cause for failure to timely serve Qualitest Defendants.

Despite Plumbers' failure to establish good cause, a discretionary extension of time to serve is appropriate considering the circumstances of this case. The correspondence between Brody and Plumbers' counsel indicates that Qualitest Defendants had actual notice of the pending legal action. Additionally, there is no evidence that Qualitest Defendants will suffer any prejudice if Plumbers receives an extension of time to effectuate service. Given the number of Defendants involved in this action, a dismissal without prejudice for insufficient service would only serve to complicate this matter if Plaintiff sought to re-file its complaint against Qualitest Defendants. The interests of judicial economy weigh in favor of granting an extension of time to effectuate service. Accordingly, Plumbers will be afforded additional time to effectuate service on Qualitest Defendants.

## III. CONCLUSION

For the reasons set forth above, Plumbers has not properly served Defendants. I will deny Defendants' motions to dismiss without prejudice, however, and order Plumbers to effectuate service on Defendants within the next thirty days.

                                              s/Anita B. Brody

                                      _____
                                      ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to: